# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MITCHELL JACKSON,

      Plaintiff,

v.                                                  Case No. 8:25-cv-1737-WFJ-TGW

RICKY DIXON, *et al.*,

      Defendants.

_____/

## ORDER

    Mitchell Jackson is a Florida prisoner serving a life sentence for sexual battery, kidnapping, and aggravated assault. He filed a *pro se* complaint seeking relief from a November 1999 order denying his federal habeas petition.[1] (Doc. 1; *see also Jackson v. Moore*, No. 8:97-cv-593-RAL-EAJ, Doc. 48 (M.D. Fla.)). Mr. Jackson proceeds under Federal Rule of Civil Procedure 60(d), which "preserves a court's historical equity power to 'entertain an independent action to relieve a party from a judgment, order, or proceeding.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014) (quoting Fed. R. Civ. P. 60(d)). Mr. Jackson alleges that his prior habeas action was tainted by "significant fraud upon the federal court." (Doc. 1 at 2). Specifically, he contends that (1) the state-court record was incomplete and (2) the presiding judge (the Honorable Richard A. Lazzara) had an "apparent conflict of interest" because Mr.

---

[1] In March 2000, the Eleventh Circuit declined to issue a certificate of appealability, finding that Mr. Jackson had "failed to make a substantial showing of the denial of a constitutional right." *Jackson v. Moore*, No. 8:97-cv-593-RAL-EAJ, Doc. 53 (M.D. Fla.).

Jackson's trial counsel subsequently served as a law clerk for Judge Lazzara during the latter's service on the Second District Court of Appeal. (*Id.* at 2-4; *see also* Doc. 1-1 at 16-23). Based on these allegations, Mr. Jackson requests that the Court "[v]acate the judgment in the underlying . . . § 2254 habeas corpus proceeding." (Doc. 1 at 4).

After careful review, 28 U.S.C. § 1915A, the Court concludes that this action must be dismissed. Rule 60(d) is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*." *Aldana*, 741 F.3d at 1359. Thus, relief is available only if necessary to "prevent a grave miscarriage of justice." *Id.* An independent action under Rule 60(d) "should not be used to relitigate issues that were or could have been raised in the original case." *Andela v. U-Haul Int'l, Inc.*, 831 F. App'x 476, 477 (11th Cir. 2020); *see also Aldana*, 741 F.3d at 1359 (noting that Rule 60(d) relief is available only in "the absence of any remedy at law"). "Although there is no time limit on when an independent action [under Rule 60(d)] may be brought, . . . the doctrine of laches is applicable and undue delay may bar relief." *Wilkerson v. Grinnell Corp.*, No. 6:99-cv-133, 2022 WL 1731436, at *2 (S.D. Ga. May 3, 2022), *adopted by* 2022 WL 1721260 (S.D. Ga. May 27, 2022).

Mr. Jackson is not entitled to relief under Rule 60(d). The two grounds for relief in his complaint "could have been raised in the original case." *Andela*, 831 F. App'x at 477. Mr. Jackson admits that, while the prior habeas action was pending, he learned that the state-court record was allegedly "woefully incomplete." (Doc. 1-1 at 17). His filings also make clear that he learned of Judge Lazzara's purported "conflict of interest" before the

habeas petition was denied. (*Id.* at 18-19). These issues "were open to litigation in the former action," and Mr. Jackson cannot raise them two decades later under the guise of Rule 60(d). *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985). Likewise, Mr. Jackson fails to adequately explain why he waited over twenty years to file his "independent action." Such "undue delay" is sufficient to "bar relief." *Wilkerson v. Grinnell Corp.*, 2022 WL 1731436, at *2.

Even apart from these deficiencies, Mr. Jackson cannot show that Rule 60(d) relief is necessary to "prevent a grave miscarriage of justice." *Aldana*, 741 F.3d at 1359. He fails to establish that recusal was warranted in the prior habeas action. *See, e.g.*, *MMG Fin. Corp. v. Midwest Amusement Park LLC*, No. 06-C-929, 2009 WL 3245288, at *2 (E.D. Wis. Oct. 7, 2009) ("The mere fact that a party [was] represented by a former law clerk to the Court does not constitute grounds for recusal."). And even assuming the state-court record was incomplete, Mr. Jackson fails to show that the inclusion of any missing documents would have altered the outcome of the habeas proceeding. In short, Mr. Jackson does not "come close to establishing the requisite elements of an independent action."[2] *Aldana* v, 741 F.3d at 1359.

Accordingly, the Court **ORDERS** that Mr. Jackson's complaint, (Doc. 1), is **DISMISSED** under 28 U.S.C. § 1915A. The Clerk is directed to enter judgment against Mr. Jackson, terminate any pending motions as moot, and close this case. To the extent

---

[2] This action does not qualify as a second or successive § 2254 petition because Mr. Jackson purports to "attack[] a defect in the integrity of the federal habeas proceeding itself" by claiming "fraud on the federal habeas court." *Viera v. Fla. Dep't of Corr.*, 817 F. App'x 810, 813 (11th Cir. 2020) (Rule 60 motion "will not be construed as a second or successive habeas petition" if it "attacks a defect in the integrity of the federal habeas proceeding itself").

that a certificate of appealability is required to appeal from this order, the Court declines

to issue a certificate of appealability.

     **DONE** and **ORDERED** in Tampa, Florida, on July 16, 2025.

WILLIAM F. JUNG
**UNITED STATES DISTRICT JUDGE**